Michael WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 07–81–0243–CR, 07–81–0244–CR.

Court of Appeals of Texas,
Amarillo.

Feb. 28, 1983.

**694**

Witherspoon, Aikin & Langley, William Marquis, Hereford, for appellant.

Roland Saul, Dist. Atty., Hereford, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was charged, in separate indictments, with two offenses of indecency with a child. Tex.Penal Code Ann. § 21.11 (Vernon 1974). At his request, the charges were consolidated for trial. The jury found appellant guilty of each offense and assessed 4 years confinement in the penitentiary for each. In this court appellant contends the trial court erred (1) in refusing to admit the testimony of a clinical psychologist who was of the opinion that appellant did not possess the character disorders virtually always found in child molesters and (2) in refusing to admit testimony from two witnesses concerning the victims' "knowledge and belief about appellant as effecting interest, bias or prejudice." We affirm.

Appellant's conviction is based upon testimony by his minor daughters about various indecent acts he performed with them and in their presence while they were visiting him. Appellant denied committing the acts and bolstered his testimony by expressing his abhorrence of child molesters and relating his observation of the adverse treatment accorded child molesters by other prison inmates. Appellant then offered the testimony of a clinical psychologist who was of the opinion that appellant did not possess the character disorders usually found in child molesters. The trial court's refusal to admit the psychologist's opinion is the subject of the first ground of error.

The psychologist, Dr. Jerry Lee Brittain, became acquainted with appellant in 1975 while appellant was an inmate in a California penal institution. A few days before trial, at appellant's request, he gave appellant a mental status exam and the Minnesota Multiphasic Personality Inventory (MMPI). In testimony before the trial judge by bill of exception, Dr. Brittain explained the testing procedure and his evalu-

ation of the test results. Displaying the MMPI test results on a chart, Dr. Brittain interpreted the test results and concluded that, in his opinion, appellant did not have the character disorders almost always found in child molesters. His ultimate conclusions were stated as follows:

Q. All right, based on your experience, based on your training as a clinical psychologist, based on your having interviewed this particular person, Mike Williams, giving him this test, done a mental status and reviewed his history, can you state as a clinical psychologist what these findings show concerning his likelihood that Mike committed the crime with which he is charged here, Indecency With A Child?

A. I can only say that the statistical improbability of him having committed such an act is very high.

\* \* \* \* \* \*

Q. Your testimony is, Dr. Brittain, originally from a psychological standpoint based on your training, being a licensed psychologist in another state, that it's your opinion that it is highly unlikely that Mike Williams could have committed this crime based on the psychological testing and the study that you did?

A. Yes, sir.

Q. And that his propensity to commit that would be extremely—be very low propensity to have committed an act such as this?

A. Yes, sir.

In response to questions by the prosecutor, Dr. Brittain admitted that he had no personal knowledge of the facts surrounding the offenses in question and was not saying it was impossible for appellant to have committed the crimes. Rather, he reiterated, it was his opinion that in all probability appellant could not have had the state of mind necessary to commit the crimes. The trial court excluded almost all of Dr. Brittain's testimony.

Appellant's contention in this court is that the excluded testimony is admissible at the guilt or innocence stage of the trial as direct evidence of appellant's character traits. He supports his position by aligning the testimony with the standards for admissibility of expert testimony stated in *Holloway v. State*, 613 S.W.2d 497 (Tex.Cr.App. 1981), and arguing that the evidence in question satisfies those standards. We are not persuaded, however, that the evidence is admissible.

■ A defendant may introduce evidence of his character at the guilt phase of a trial. *Schmidt v. State*, 449 S.W.2d 39, 40 (Tex.Cr.App.1970). However, unless the State opens the door to other inquiries, *Wallace v. State*, 501 S.W.2d 883, 886 (Tex. Cr.App.1973), that evidence is limited to the witness' opinion of the defendant's reputation for being a peaceable and law abiding citizen, *Id.* at 886, *Schmidt*, 449 S.W.2d at 40 or, in some cases, his reputation for a particular trait that may be involved in the offense charged. *See, e.g., Hamman v. State*, 166 Tex.Cr.R. 349, 314 S.W.2d 301, 305 (Tex.Cr.App.1958) (reputation for honesty when charged with embezzlement); *Foley v. State*, 172 Tex.Cr.R. 261, 356 S.W.2d 686, 687 (Tex.Cr.App.1962) (reputation for sobriety when charged with drunken driving). The defendant is not permitted to prove his character traits by evidence of personal opinion or specific acts. *Ward v. State*, 591 S.W.2d 810, 817–818 (Tex.Cr. App.1979). As explained in the *Ward* case, the character witness may state his opinion of the defendant's reputation based on what the witness has heard in the community but may not state his personal opinion of the defendant's character traits. *Id.* at 817–818.

■ In this case, Dr. Brittain tested appellant and formed his opinion of appellant's character. Although the opinion may be based on more reliable information than is usually available, it is still the doctor's personal opinion. As such, it is not admissible as character evidence in Texas.

The evidence in question is also inadmissible for another reason. In *Winegarner v. State*, 505 S.W.2d 303 (Tex.Cr.App.1974), the court refused to permit a psychiatrist to give his opinion of the defendant's intent at

the time of the offense, pointing out that Texas courts uniformly exclude the testimony of a witness as to another person's state of mind. Because one person cannot possibly know another's state of mind, such testimony is necessarily based on conjecture. *Id.* at 305.

As discussed above, appellant characterizes Dr. Brittain's testimony as evidence of appellant's character traits. However, the testimony also purports to tell the jury that appellant probably did not have the state of mind required to commit the crimes with which he was charged. As stated in *Winegarner,* that kind of evidence has been uniformly rejected in Texas.

Appellant's reliance on *Holloway v. State,* 613 S.W.2d 497 (Tex.Cr.App.1981), a capital murder case, is misplaced. Because art. 37.071, Tex.Code Crim.Pro.Ann. (Vernon 1981), requires the jury in a capital case to find whether there is a probability that the defendant would commit criminal acts of violence and because resolution of that issue necessarily involves a prediction of future behavior, opinion evidence meeting the standards discussed in *Holloway* is admissible to assist the jury. However, as initially pointed out in *Holloway,* opinion testimony generally is inadmissible "because it is not based upon personal knowledge of the existence of facts capable of being proved by direct evidence." *Id.* at 500 (footnote omitted). In this case, the facts relied on by the State were proved by direct evidence and we have found no authority sanctioning a challenge to that evidence by an opinion that the appellant probably did not have the requisite mental inclination to commit the crime. Ground of error one is overruled.

By his second ground, appellant challenges the trial court's refusal to admit testimony about certain statements made by appellant's daughters and his former wife. Two witnesses called by appellant testified that, approximately four years be-

fore the trial, both daughters expressed fear appellant might try to kill their mother. One of the witnesses also testified that, at approximately the same time, appellant's former wife said she would like to keep appellant in prison because that was where he belonged.\* Appellant sought, unsuccessfully, to introduce the testimony in order to establish that the daughters were biased and prejudiced toward their father. The daughters were not asked about the statements when they testified.

The court did not err in rejecting the testimony. Before independent evidence of statements by an adverse witness indicating bias or prejudice are admissible, a foundation must be laid by asking the adverse witness about the statements. *Green v. State,* 566 S.W.2d 578, 587 (Tex.Cr.App.1978); *see Huff v. State,* 576 S.W.2d 645, 647 (Tex.Cr.App.1979). As stated in *Green,* 566 S.W.2d at 588:

> The rule is comparable to the one for impeaching a witness with a prior inconsistent statement. To lay a proper predicate for impeachment the witnesses should be asked about any agreement or conspiracy before there is an attempt to prove one.

Because appellant did not ask the daughters about the statements, there was no foundation for the evidence and it was inadmissible. Ground of error two is overruled.

The judgment is affirmed.

---

\* Appellant's former wife denied making the statement. She was called as a witness by appellant, however, and there was no showing that appellant was surprised by her denial;

thus, the testimony would not have been admissible as impeachment, *Brown v. State,* 523 S.W.2d 238, 241 (Tex.Cr.App.1975) nor does appellant contend otherwise.