**Johnny DORSETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–691–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 27, 1988.

Discretionary Review Refused Feb. 22, 1989.

---

Joe Silvas, Clute, for appellant.

Jim Turner, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty and convicted him of indecency with a child. Punishment was to the court, which found that appellant had been previously convicted of a felony and sentenced him to ten years confinement. The only issue raised on appeal is whether the trial court erroneously excluded the testimony of a psychologist concerning a psychological profile of appellant. We affirm.

Since appellant has not contested the sufficiency of the evidence it will not be detailed. However, to better understand the context in which the issue presented to us arose, a brief statement is helpful. Appellant, 24 years old at the time of the offense, had been released from the penitentiary nine days previously where he had been confined for several months on a driving while intoxicated conviction. The complainant, approximately three years of age at the time of the offense, is a second cousin of appellant. On the day in question several family members were at the home

of the child's great-grandmother, where appellant was then living. Late in the afternoon appellant took the child for a ride on a bicycle and was gone for some 30 minutes or more. Shortly after they returned, the mother took the child to their own home and as she was bathing the child, the complainant told her appellant had hurt her "heinie." The child was examined by a physician who concluded she had been recently sexually molested.

The state's evidence at trial consisted of the testimony of the child, her mother and the examining physician. The defense evidence consisted of the testimony of appellant (who denied any sexual molestation of the child) and the testimony of five of appellants' relatives and a non-relative friend (all of whom testified that in their opinion appellant was "a loving and caring person with children").

Appellant then offered the testimony of a practicing psychologist who had conducted a personality profile on appellant. The psychologist testified outside the presence of the jury that a personality profile is an accepted practice in the field and is essentially a study of the key aspects of one's personality and the way a person behaves. He explained the purpose of the personality profile was to determine "the likelihood that he would engage in sexual child abuse." The following exchange between defense counsel and the witness forms the basis for appellant's complaint:

Q: "Dr. Bailey, do you have an opinion, sir, based on your legal expertise, training, and knowledge and your examination of Johnny Dorsett whether or not he met the criteria to be a molester based on this personality profile that you gave him?

A: It's my judgment it's highly improbable that he was—that he is a child abuser ..."

Thereafter, the trial court excluded the testimony of the psychologist on the basis of *Williams v. State*, 649 S.W.2d 693 (Tex. App.—Amarillo 1983, no writ), finding that it did not meet the admissibility requirements under Rule 704 TEX R.CRIM.EV. (Vernons 1988) and "the other related rules of evidence."

Appellant contends that the trial court misapplied the *Williams* case and improperly excluded the testimony of the psychologist. The *Williams* case was decided three years before the rules of criminal evidence were promulgated. In that decision, the Amarillo court of appeals stated that the trial court had not erred in excluding the testimony of a clinical psychologist who was of the opinion that the defendant did not possess the characteristics of child molesters. The Amarillo court reasoned that opinions and testimony of specific acts were inadmissible as offered by the defense to prove the good character of the defendant. The court further stated that Texas courts have long excluded witness testimony as to any person's state of mind. The continued viability of the reasoning in the Williams case is seriously questioned as a result of the adoption of the rules of criminal evidence on September 1, 1986. See: rules 404(a)(1), 702 and 704, TEX.R. CRIM.EV. This record, however, simply does not require us to further address that issue.

The rules of criminal evidence give to the trial court wide discretion in determining the admissibility of evidence. Rules 102, 103 and 104, TEX.R.CRIM.EV. Even if evidence is determined to be relevant and therefore admissible under rules 401 and 402, the trial court may nevertheless exclude it under rule 403 if its probative value is substantially outweighed by the dangers of prejudice, misleading the jury or confusion of the issues.

While the trial court specifically referred to the *Williams* case and rule 704 in excluding the evidence, he also referred to "the other related rules of evidence." It obviously was within his discretion to exclude the evidence, even if it had been determined to be relevant. We believe these rules should be construed liberally. There is nothing to show an abuse of discretion by the trial court. Appellant's point of error is overruled.

The judgment is affirmed.