Aaron HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-88-133-CR.

Court of Appeals of Texas, Corpus Christi.

May 31, 1989.

Rehearing Denied June 29, 1989.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury convicted appellant of murder and assessed punishment at 60 years' confinement. By a sole point of error, appellant contends that the trial court erred in admitting prejudicial opinion testimony on whether the wound was intentionally or accidentally inflicted.

Appellant testified that he had lent his brother-in-law money to buy an air compressor from the victim, and that it did not work, but the victim had refused to refund the money. On August 2, 1987, appellant went to a gas station and the victim was there. Appellant said he asked for his money, gestures were exchanged, and the victim struck appellant. Appellant said the blow knocked appellant's glasses off and he could not see. He said the victim continued to strike him, and he was holding on to the victim and took out his knife. He claimed they fell and the knife went into the victim's neck. He claimed he held the knife up so the victim would stop hitting him, but did not intend to stab him. However, another witness testified that appellant struck the victim first, pursued the victim, and pushed him down.

The State called forensic pathologist and Nueces County medical examiner Joseph C. Rupp to testify to his autopsy of the victim. Rupp testified that he became medical examiner in 1970 and averages an autopsy a day. He identified the cause of death as a laceration to the neck and described it:

The wound started about an inch to the right of the midline of the neck to one and a half inches behind the tip of the chin. So about right here (indicating). It ran from this position underneath the angle of the jaw all the way around to the left ear.... [I]t was a large deep laceration which went all the way back into the mouth cavity—way back in here (indicating). It exposed the salivary gland. It severed major branches of the main artery, which goes on the left side of the neck, and also branches of the major blood vessel, which goes up the side of the neck to the head.

The prosecutor asked Rupp whether he had seen knife wounds he determined to be accidental, and wounds that he determined were intentionally inflicted. Rupp stated he had seen a few that were accidental and many that were intentional. The prosecutor then asked for an opinion on whether the wound to the victim's neck was inflicted intentionally or accidentally. Appellant's attorney objected that the ultimate issue of whether something was intentional or an accident was for the jury. The trial court overruled the objection, and Rupp testified, "This is a deliberate cutting type of wound."

The decision to admit or exclude opinion testimony will not be disturbed unless a clear abuse of discretion is shown. *Steve v. State*, 614 S.W.2d 137, 139 (Tex. Crim.App.1981); *Mullins v. State*, 699 S.W.2d 346, 348 (Tex.App.—Corpus Christi 1985, no pet.). An expert's testimony is admissible if he is competent and qualified to testify, and expert opinion can assist the jury. An expert can testify on an ultimate issue of fact, but may not state a legal conclusion. *Hopkins v. State*, 480 S.W.2d 212, 219 (Tex.Crim.App.1972). Rule 704 of the Texas Rules of Criminal Evidence expressly allows testimony by an expert of an opinion that embraces an ultimate issue of fact.

Appellant cites *Williams v. State*, 649 S.W.2d 693, 695–96 (Tex.App.—Amarillo 1983, no pet.) and *Winegarner v. State*, 505 S.W.2d 303, 305 (Tex.Crim.App.1974) for the proposition that testimony of another's state of mind must be excluded. *Williams* and *Winegarner* involve the opinion testimony of a psychologist and of a psychiatrist who had examined the defendants in those cases. In *Winegarner*, the appellate court rejected the defendant's

complaint that the psychiatrist was not permitted to relate a history the defendant had given him or to answer a hypothetical about the defendant's intent. In *Williams,* the defendant complained of the exclusion of evidence of his character determined by psychological testing. This was to be the basis of an opinion that the defendant did not have the intent to commit the crime. These cases are clearly distinguishable. We overrule point one.

We AFFIRM the trial court's judgment.