OPINION OF THE COURT
Joseph Fisch, J.
The defendant was indicted for the crimes of rape in the first degree (two counts) and sexual abuse in the first degree *230 (two counts). The alleged victim is the nine-year-old niece of the defendant’s "common-law wife”.
During the trial of this matter, defense counsel sought to call Angel C. Martinez, Ph.D. (Martinez), as a purported expert in the field of sexual abuse of children. The defense claimed that Martinez, as an expert in "child abuser profiles”, could testify "that he has examined this particular defendant on more than one occasion, and * * * is prepared to give an opinion as to this defendant’s profile in contrast to that of the accepted child abuser profile.” Furthermore, the defense argued, Martinez could "give his opinion that he believes that this man cannot be a child abuser or child rapist” and would "state the facts upon which he bases that opinion.” The defense also submitted to the court a report prepared by Martinez. The report described what Martinez termed the "child molester psychological profile”, his interview with the defendant, the results of four standardized tests administered to the defendant,[1] and his conclusion determining the defendant’s nonconformity to the profile. The court sustained the People’s objection and precluded the introduction of such testimony. The basis for the court’s ruling is as follows:
The admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court. (People v Cronin, 60 NY2d 430 [1983]; People v Mooney, 76 NY2d 827 [1990].) Formerly, the standard for the admission of expert testimony required that such testimony be necessary to the trier of fact in evaluation of evidence. (Dougherty v Milliken, 163 NY 527; Richardson, Evidence § 367 [Prince 10th ed]; Fisch, NY Evidence § 412 [2d ed].) Recent decisions have expanded the boundaries of admissibility beyond the requirement of "necessity”. At present, "[t]he guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror”. (De Long v County of Erie, 60 NY2d 296, 307 [1983]; see also, Richardson, Evidence § 367 [Prince 10th ed, 1972-1985 Cum Supp]; Fisch, NY Evidence § 412 [2d ed, Cum Supp].)
Research reveals only one New York case addressing the admissibility of "profile” expert testimony, per se. A defendant charged in Broome County with criminally negligent homicide and endangering the welfare of a child sought to introduce *231 expert testimony by Dr. Michael Baden, a nationally renowned pathologist and former New York City Medical Examiner, to establish that the defendant did not fit the profile of a "typical child batterer”. The proffered evidence was barred by the trial court. Upholding that ruling, the Appellate Division, Third Department, stated, "Even assuming that Baden could be qualified as an expert on the profile of a typical child batterer, we are unconvinced that it was an abuse of discretion for County Court to determine that the issue of whether defendant could have committed the alleged criminal acts or omissions was more properly left to the jury’s ordinary training and intelligence.” (People v Neer, 129 AD2d 829, 830 [3d Dept 1987], lv denied 70 NY2d 652 [1987].)[2]
In exercising its discretion in the current matter, this court notes People v Taylor and People v Banks (75 NY2d 277 [1990]). In these companion cases, the Court of Appeals found expert testimony concerning rape trauma syndrome admissible to explain particular reactions of the victim and her delay in reporting the defendant as the perpetrator. The court held that patterns of victims’ response to rape were outside the ordinary understanding of jurors. In contrast, though, admission of such testimony was held improper "when it inescapably bears solely on proving that a rape had occurred” (supra, at 293).
Profile type testimony has been considered in other jurisdictions and almost universally precluded.[3] Research by this court has disclosed 17 States and the District of Columbia, as well as Federal appellate courts, which have ruled on this question. The only possible exception to universal preclusion among the jurisdictions which have considered the matter is California, which this court will address infra. In a 1989 Oregon case, the court stated, "[T]he essence of the testimony would have been that the expert had determined that the defendant was not a sex abuser and, therefore, was not guilty. That question is for the jury” (State v Gallup, 98 Ore App 211, *232 215-216, 779 P2d 169, 172 [1989]; see, State v Person, 20 Conn App 115, 564 A2d 626 [1989]; State v Fitzgerald, 382 NW2d 892 [Minn App 1986]; State v Tucker, 165 Ariz 340, 798 P2d 1349 [Ct App 1990]; People v Watkins, 176 Mich App 428, 440 NW2d 36 [1989]; Pendleton v Commonwealth, 685 SW2d 549 [Ky 1985]; Williams v State, 649 SW2d 693 [Tex App 1983]; Kanaras v State, 54 Md App 568, 460 A2d 61 [1983]; United States v St. Pierre, 812 F2d 417 [8th Cir 1987]; see also, State v Cavallo, 88 NJ 508, 443 A2d 1020 [1982]). When used by the prosecution to prove a defendant’s guilt, reversal has resulted. Thus, where a trial court admitted testimony matching a defendant to a "guilty” profile, the Alaska Court of Appeals held, "the prosecution may not introduce a profile to show that the defendant is more likely to have committed an offense because the defendant fits within that profile.” (Haakanson v State, 760 P2d 1030, 1036 [Alaska App 1988].) The Supreme Court of Kansas, discussing Hall v State (15 Ark App 309, 692 SW2d 769 [1985]), State v Maule (35 Wash App 287, 667 P2d 96 [1983]), and State v Percy (146 Vt 475, 507 A2d 955 [1986]), stated, "[we] find the reasoning of these cases persuasive on the issues before us * * * that (1) evidence which only describes the characteristics of the typical offender has no relevance to whether the defendant committed the crime in question; and (2) the only inference which can be drawn from such evidence, namely that a defendant who matches the profile must be guilty, is an impermissible one.” (State v Clements, 244 Kan 411, 420, 770 P2d 447, 454 [1989]; see also, Sloan v State, 70 Md App 630, 522 A2d 1364 [1987]; State v Petrich, 101 Wash 2d 566, 683 P2d 173 [1984]; People v Bradley, 172 Ill App 3d 545, 526 NE2d 916 [4th Dist 1988]; Sanders v State, 251 Ga 70, 303 SE2d 13 [1983]; Douglas v United States, 386 A2d 289 [DC App 1978]; United States v Gillespie, 852 F2d 475 [9th Cir 1988]; see, State v Hansen, 304 Ore 169, 743 P2d 157 [1987]; see also, United States v Quigley, 890 F2d 1019 [8th Cir 1989], cert denied 493 US 1091 [1990]; United States v Jones, 913 F2d 174 [4th Cir 1990]; United States v Miller, 874 F2d 1255 [9th Cir 1989]; United States v Hernandez-Cuartas, 717 F2d 552 [11th Cir 1983].)
While California allows expert psychological testimony to demonstrate that a defendant displays no signs of "deviance or abnormality”, such testimony is admissible as character evidence by specific statutory provision.[4] (People v Stoll, 49 Cal *233 3d 1136, 783 P2d 698 [1989]; Cal Evid Code § 1102.) California’s admission of profile evidence, per se, is unclear at present. (People v Stoll, supra; People v Ruiz, 222 Cal App 3d 1241, 272 Cal Rptr 368 [1st Dist 1990]; People v Ruiz, 220 Cal App 3d 537, 269 Cal Rptr 465 [1st Dist 1990].) Where disputed testimony was held admissible pursuant to its statute, the majority of the California court in Stoll "carefully limited its holding, emphasizing that the psychiatrist in that case indicated that 'no psychological "profile” entered into his diagnosis.’ ” (People v Ruiz, 222 Cal App, at 1245, 272 Cal Rptr 368, at 371, supra.)
The jurisdictions precluding such evidence follow a wise course. As the California Chief Justice observed in his dissent in Stoll, were such evidence permitted, we may "foresee complicated and time consuming 'mini-trials’ devoted, not to the factual issue of guilt or innocence of the accused, but focusing instead on his 'personality profile’ and its correlation with the profile displayed by the average child molester, robber, arsonist, or whomever” (49 Cal 3d, supra, at 1169, 783 P2d, supra, at 719).
This court finds that profile testimony has the sole purpose of advancing "expert” opinion concerning the ultimate question of guilt or lack thereof, effectively usurping the jury’s role, and providing no information helpful to the jury’s understanding of the evidence properly before it. Accordingly, such profile testimony is inadmissible, per se, and thus no need exists for any scrutiny of its reliability in principle, the reliability of a particular profile, or the qualifications of the purported expert witness.

. Wechsler Adult Intelligence Scale — Revised; Bender Gestalt Test; MMPI; and Rorschach Test.

. In a Suffolk County proceeding, the use of profile evidence as corroboration was not permitted. The trial court based its decision on its finding that no foundation had been established for reliability of the particular evidence offered. That decision did not speak to the question of profile evidence per se. (Matter of Arrigo, 132 Misc 2d 113 [Fam Ct 1986].)

. Oregon, Minnesota, Arizona, Michigan, Kansas, Alaska, Maryland, Washington, Vermont, Arkansas, New Jersey, Texas, Kentucky, Connecticut, Illinois, Georgia, District of Columbia, United States Court of Appeals (4th, 8th, 9th, 10th, 11th Cirs).

. In New York, character may be proved only by reputation evidence. *233 (People v Bouton, 50 NY2d 130 [1980]; People v Kuss, 32 NY2d 436 [1973], cert denied sub nom. Kuss v New York, 415 US 913 [1974]; People v Van Gaasbeck, 189 NY 408 [1907]; Richardson, Evidence § 151 [Prince 10th ed]; Fisch, NY Evidence § 179 [2d ed].)