**STATE of Missouri, Respondent,**

v.

**Vincent P. ELBERT, Appellant.**

**No. WD 44226.**

Missouri Court of Appeals,
Western District.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

PER CURIAM.

Appellant was convicted of sodomy, § 566.060, RSMo 1986, and sexual abuse in the first degree, § 566.100, RSMo 1986. He received concurrent sentences of ten years and five years, respectively. He now appeals, claiming that the trial court erred in precluding testimony that appellant did not fit the psychological profile of a sex offender.

The judgment of the trial court is affirmed.

Appellant and his wife provided babysitting services for the four-year-old victim, A.B., and a number of other children. A.B.'s mother suspected that A.B. may have been sexually abused by appellant, and on April 26, 1989 she took A.B. to the Independence, Missouri Police Department to be interviewed by Detective Raymond Rast. Using anatomically correct dolls, A.B. was able to describe what happened to her, and indicated that "Vince" had placed his mouth on her vaginal area.

When questioned by Detective Rast, appellant initially denied any contact with the victim. Then, he stated that he had accidentally touched A.B.'s vagina three or four times while playing with her. He also admitted to kissing A.B. on the mouth and on the stomach, and to biting her on the buttocks. Appellant told Detective Rast that A.B. would "kind of come on to him," and that he had fantasized about having oral sex with her.

At appellant's trial, A.B.—who was then nearly six years old—testified that a babysitter named "Vince" would touch her private parts with his mouth and his hands. In his defense, appellant sought to introduce the testimony of Dr. Robert L. McKinney, a psychologist who had given appellant the Minnesota Multiphasic Personality Inventory (MMPI), a standardized psychological test which is graded by a computer. Dr. McKinney was prepared to testify that appellant's test scores did not fit the profile of a sex offender. Dr. McKinney's testimony was excluded by the trial court.

As his sole point on appeal, appellant claims that the trial court erred by refusing to allow Dr. McKinney's testimony that appellant did not fit the psychological profile of a sex offender.

Appellant argues that the MMPI scores are admissible because the MMPI is a test which has gained general acceptance in the scientific community, and that Dr. McKinney's expert testimony was required to make the test results understandable to the jury.

As noted by the court in *People v. Berrios*, 150 Misc.2d 229, 568 N.Y.S.2d 512, 514 (Sup.Ct.1991), profile-type testimony has been almost universally rejected in the jurisdictions in which it has been offered for consideration by the courts.[1] One rationale for refusing to admit such evidence is that it inevitably leads to a "battle of experts" which diverts the jury's attention from the central issue of the guilt or innocence of

**1.** The *Berrios* court cited seventeen other states and four federal circuits which have precluded profile-type testimony. It also noted that, while California allows psychological testimony to

the defendant. This point of view is well expressed in *State v. Cavallo*, 88 N.J. 508, 443 A.2d 1020, 1025 (1982), which observed that:

> if defendants are permitted to introduce psychiatric testimony on their character, "the State will not stand idly by without producing psychiatrists favorable to its cause." ... The result must necessarily be a "battle of experts"

concerning the validity of the expert evidence. This would consume substantial court time and cost both parties much time and expense. Much of the trial would focus on the tangential issue of the reliability of the expert evidence rather than the central issue of what the defendants did or did not do.

Another rationale for refusing to admit profile-type testimony has been that such evidence has not been shown to have gained the necessary acceptance in the scientific community. *United States v. St. Pierre*, 812 F.2d 417, 420 (8th Cir.1987); *State v. Person*, 20 Conn.App. 115, 564 A.2d 626, 632 (1989), *cert. denied*, — U.S. ——, 111 S.Ct. 756, 112 L.Ed.2d 776 (1991); *State v. Cavallo, supra*, 443 A.2d at 1024–29. This rationale is consistent with the often-cited case of *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923) which holds that, to be admissible, expert testimony must be sufficiently established to have gained general acceptance in the particular field in which it belongs.

As recently as 1985, the Missouri Supreme Court has held that the *Frye* doctrine still applies to the admission of new scientific techniques in the courts of this State. *Alsbach v. Bader*, 700 S.W.2d 823, 828 (Mo. banc 1985). The Missouri Court of Appeals, Western District has re-affirmed the viability of the *Frye* doctrine in *Turner v. Fuqua Homes, Inc.*, 742 S.W.2d 603, 612 (Mo.App.1987), as has the Eastern District in *State v. Foote*, 791 S.W.2d 879, 883 (Mo.App.1990).

The question of whether the MMPI is generally accepted as a tool to be used by an expert witness to show whether a defendant fits within the profile of a "typical" child sexual abuser is discussed in Myers, Bays, Becker, Berliner, Corwin & Saywitz, *Expert Testimony in Child Sexual Abuse Litigation*, 68 Nebraska Law Review 1 (1989). This article, which was written by an inter-disciplinary panel of experts from the fields of psychology, psychiatry, social work, and law, states that the MMPI has been found to be plagued by methodological problems and inconsistent findings. The authors stress that, while psychological tests like the MMPI are useful aids to diagnosis and treatment, "there is *no* psychological test or combination of tests that can determine whether a person has engaged or will engage in deviant sexual activity." 68 Neb.L.Rev. at 133–35 (emphasis in the original).

In his brief, appellant points out the Dr. McKinney testified that the MMPI is accepted in the scientific community and is widely used both nationally and internationally. He argues that this testimony establishes the general acceptance of the MMPI for the purposes of a *Frye* doctrine analysis. However, there is a world of difference between whether a psychological test is generally accepted for the purpose of diagnosis and treatment, and whether the test is generally accepted for the purpose of determining whether a criminal defendant fits the psychological profile of a sex offender. In light of the case law and scholarly literature which suggests that the MMPI has not achieved general acceptance for this latter purpose, we cannot conclude that the trial court erred in excluding Dr. McKinney's testimony.

Accordingly, the judgment of the trial court is affirmed.

All concur.

---

demonstrate that a defendant displays no signs of "deviance or abnormality," such testimony is admissible as character evidence by specific statutory provision. In contrast, the recent case of *Byrd v. State*, 579 N.E.2d 457 (Ind.App.1991) held that the trial court erred by refusing to allow a defense psychiatrist to testify that the defendant's MMPI profile was inconsistent with the "knowing" element of the crime of murder.