**Opinion filed November 29, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00352-CR
_____

### ADRIEL DEMETRIO FLORES, III, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23764A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Adriel Demetrio Flores, III, appellant, of murder and assessed his punishment at confinement for a term of fifty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant has briefed four issues, which can be reduced to essentially two complaints: (1) that the trial court improperly excluded evidence that would have supported appellant's theory of self-defense and (2) that the improper exclusion of that evidence was harmful constitutional error. We affirm.

*Background Facts*

On June 4, 2009, a Taylor County grand jury indicted appellant for murder under TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). At trial, the evidence established that, on April 5, 2009, appellant shot the victim, Lazaro Carrillo, during an altercation outside Carrillo's girlfriend's house. Carrillo died as a result of his wounds. Appellant testified at trial that he acted in self-defense.

The trial judge would not allow appellant to testify in the presence of the jury to a specific violent act of the victim. Outside the presence of the jury, appellant testified that he had heard of an incident in which the victim shot a friend of appellant "point blank in the stomach." Appellant testified that this was the sole incident that made him afraid of the victim. The defense wished to offer this testimony to support its theory of self-defense by showing the reasonableness of appellant's apprehension of danger.

*Exclusion of Evidence*

In his first issue, appellant complains that the trial court erred by refusing to admit the testimony regarding the extraneous act of violence allegedly committed by the victim. Appellant argues that this evidence was admissible under Article 38.36 of the Texas Code of Criminal Procedure to establish his state of mind at the time of the offense. TEX. CODE CRIM. PROC. ANN. art. 38.36 (West 2005).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). A trial court has wide discretion in determining the admissibility of evidence. TEX. R. EVID. 403; *Dorsett v. State*, 761 S.W.2d 432, 433 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). Accordingly, we will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Martinez*, 327 S.W.3d at 736; *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Burden*, 55 S.W.3d at 615. If a trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the court stated an incorrect reason for its correct ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

It is well settled in Texas that a defendant in a homicide prosecution who raises the issue of self-defense may introduce generally inadmissible character evidence of the victim under two separate theories. TEX. R. EVID. 404(a)(2); *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim.

App. 2002); *Mozon v. State*, 991 S.W.2d 841 (Tex. Crim. App. 1999); *Ferguson v. State*, 253 S.W. 290 (Tex. Crim. App. 1923); *Smith v. State*, 195 S.W. 595 (Tex. Crim. App. 1917); *Bumguardner v. State*, 963 S.W.2d 171 (Tex. App.—Waco 1998, pet. ref'd). The defendant may introduce specific acts of the victim's misconduct to show the reasonableness of the defendant's apprehension of danger and to show that the victim was the initial aggressor. *Mozon*, 991 S.W.2d at 845. When offered for either purpose, there must be evidence that the victim acted in a way sufficient to raise the issue of self-defense. *Torres*, 71 S.W.3d at 761; *Mozon*, 991 S.W.2d at 845.

There is no dispute on appeal that the victim was the initial aggressor; Carrillo punched appellant in the head. Appellant argues only that the evidence excluded by the trial court was relevant to and admissible for showing he reasonably believed his life to be in danger.[1] To be admissible for showing his state of mind, appellant must have known of the specific acts of the victim before the homicide. *Mozon*, 991 S.W.2d at 845. Appellant may show he knew from personal knowledge or even from hearsay of the victim's violent actions to establish his state of mind at the time of the homicide. *Dixon v. State*, 634 S.W.2d 855, 857 (Tex. Crim. App. 1982); *Smith v. State*, 148 S.W. 699 (Tex. Crim. App. 1912). Here, appellant was aware of the specific extraneous act of the victim. Appellant offered testimony that he had heard that the victim shot appellant's friend.

However, even assuming it was an abuse of discretion to exclude evidence of the victim's misconduct, appellant fails to show any harm from the exclusion, and we do not find any.

*Harm Analysis*

By his second, third, and fourth issues, appellant contends that the trial court's exclusion of the testimony concerning the victim's specific act was constitutional error. We disagree.

Appellant relies on the proposition that a defendant has a constitutional right to call witnesses and offer evidence in his own behalf. *Washington v. Texas*, 388 U.S. 14, 19 (1967). However, constitutional error is not committed whenever a trial court erroneously excludes defensive evidence. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). There is no constitutional right to present

---

[1] "If, then, the character of the assailant in any case has helped to form a reasonable belief in the mind of the assailed that his life was then in danger, when the acts alone would fail to do it, the jury should in some way be informed of the character of the assailant, as well as of his acts, to enable them to understand that the belief was a reasonable one." *Fry v. State*, 915 S.W.2d 554, 560 (Tex. App.—Houston [14th Dist.] 1995, no writ).

favorable evidence. *United States v. Scheffer*, 523 U.S. 303, 316 (1998). The erroneous exclusion of evidence rises to the level of constitutional error only when the excluded evidence "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Walters*, 247 S.W.3d at 219. "That [appellant] was unable to . . . present his case to the extent and in the form he desired is not prejudicial where, as here, he was not prevented from presenting the substance of his defense to the jury." *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002); *see Fortini v. Murphy*, 257 F.3d 39, 47 (1st Cir. 2001) (trial court's refusal to admit evidence of the victim's prior violence was not constitutional error under *Chambers v. Mississippi*, 410 U.S. 284 (1973)). Looking at the record as a whole, appellant was not precluded from presenting his defense. Therefore, we must analyze his claim under Texas Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2(b).

Under Rule 44.2(b), because constitutional error was not committed, the error must be disregarded unless a substantial right was affected. Exclusion of evidence does not result in reversible error unless the exclusion affects a substantial right of the accused. Rule 44.2(b); *Walters*, 247 S.W.3d at 219; *Breeding v. State*, 809 S.W.2d 661, 663 (Tex. App.—Amarillo 1991, pet. ref'd). We will not overturn a criminal conviction for nonconstitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson*, 967 S.W.2d at 417. Important factors in this determination are "the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (quoting *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002)).

The facts established that appellant drove to the victim's girlfriend's house with his friend, Abel Alcala. The two men were supposed to meet another person, Carlos Rodriquez. The victim, Carrillo, came out of the house and, after asking who the two men were and why they were there, told appellant and Alcala that Carlos was no longer at the house. Carrillo told them they should leave. Alcala called Carlos to find out where he was and to see if he would return to the house. Carrillo spoke with Carlos and then tossed Alcala's phone back into appellant's car, striking appellant. Appellant and Carrillo had a verbal altercation. Carrillo reached into the car and punched appellant. Appellant testified that he saw something shiny in Carrillo's hand as Carrillo came in for another punch. Afraid for his life, he shot Carrillo while

still seated in the driver's seat. Dr. Nizam Peerwani, the forensic pathologist who performed the autopsy, testified that the angle of the gunshot wound was downward and slightly perpendicular. The medical evidence does not support appellant's testimony that he shot Carrillo while seated in the driver's seat. Dr. Peerwani testified that the distance was not at close range and that, from the angle of the gunshot wound, the bullet was fired "straight head on."

The jury was properly instructed to sustain appellant's claim of self-defense if it found or had a reasonable doubt that appellant reasonably believed deadly force was immediately necessary to protect himself against Carrillo's use or attempted use of unlawful deadly force. Appellant's testimony waivered on the issue of whether he reasonably believed he was in danger. In the presence of the jury, appellant testified that the victim was angry and told him to leave. Appellant also testified that he was scared of the victim and that he thought the victim had something shiny in his hand. Appellant's trial counsel elicited testimony that the victim had a bad reputation and was the initial aggressor when he punched appellant in the face through appellant's open car window. However, appellant contradicted himself when he testified that he had never had a problem with anyone in the house, that he had no problem with the victim, and that he was not afraid when he arrived at the house.

Equally important, the facts do not show an act of aggression by Carrillo that would justify appellant's use of deadly force. There is no evidence that the victim was armed or that he used deadly force during his confrontation with appellant. The credibility of appellant's testimony was seriously undermined by the physical evidence. Forensic testimony revealed that the shot was not fired at close range and that the trajectory of the bullet was not the angle expected if appellant was sitting in his car and the victim was leaning in the window. Alcala testified that it was the victim's fault but that he did not think it was right to shoot someone that punches you. Alcala further testified that, under those circumstances, he would not have shot Carrillo. Indeed, the admission of the contested testimony would not have aided appellant's self-defense theory. In the excluded testimony, appellant testified to bringing a gun along when he admittedly had no reason to believe the victim would be present. Then, when he reached the house where the victim was, he remained there after the victim told him to leave.

We do not find that appellant was harmed by the exclusion of the evidence. The specific misconduct of the victim that was excluded—that appellant had heard Carrillo had shot someone—does no more than add to existing proof that the victim had a bad reputation and that

appellant was afraid of him. *See United States v. Willie*, 941 F.2d 1384, 1398–99 (10th Cir. 1991) (The exclusion of hearsay materials offered to show defendant's state of mind was harmless). Consequently, the exclusion of additional evidence of the victim's criminal history and reputation would be harmless in any event. The jury was charged on self-defense. A review of the record demonstrates that appellant was able to present his defense; the jury chose not to accept it. We, therefore, conclude that any error in failing to admit appellant's proffered testimony did not affect his substantial rights. We overrule appellant's second, third, and fourth issues.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

November 29, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[2]

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.