Opinion filed November 29,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00352-CR

                                                    __________

 

                       ADRIEL
DEMETRIO FLORES, III, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 23764A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The jury convicted Adriel Demetrio Flores, III, appellant, of murder and assessed his
punishment at confinement for a term of fifty-five years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant has briefed
four issues, which can be reduced to essentially two complaints: (1) that the
trial court improperly excluded evidence that would have supported appellant’s
theory of self-defense and (2) that the improper exclusion of that evidence was
harmful constitutional error.  We affirm.




 

Background
Facts

On
June 4, 2009, a Taylor County grand jury indicted appellant for murder under Tex. Penal Code Ann. § 19.02(b)(1)
(West 2011).  At trial, the evidence established that, on April 5, 2009,
appellant shot the victim, Lazaro Carrillo, during an altercation outside Carrillo’s
girlfriend’s house.  Carrillo died as a result of his wounds.  Appellant
testified at trial that he acted in self-defense.

The
trial judge would not allow appellant to testify in the presence of the jury to
a specific violent act of the victim.  Outside the presence of the jury, appellant
testified that he had heard of an incident in which the victim shot a friend of
appellant “point blank in the stomach.”  Appellant testified that this was the
sole incident that made him afraid of the victim.  The defense wished to offer
this testimony to support its theory of self-defense by showing the
reasonableness of appellant’s apprehension of danger.

Exclusion
of Evidence

In
his first issue, appellant complains that the trial court erred by refusing to
admit the testimony regarding the extraneous act of violence allegedly
committed by the victim.  Appellant argues that this evidence was admissible
under Article 38.36 of the Texas Code of Criminal Procedure to establish his
state of mind at the time of the offense.  Tex.
Code Crim. Proc. Ann. art. 38.36 (West 2005).  

We
review a trial court’s decision to admit or exclude evidence for an abuse of
discretion.  Martinez v. State, 327 S.W.3d 727, 736 (Tex. Crim. App.
2010); Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  A
trial court has wide discretion in determining the admissibility of evidence.  Tex. R. Evid. 403; Dorsett v. State,
761 S.W.2d 432, 433 (Tex. App.­—Houston [14th Dist.] 1988, pet. ref’d). 
Accordingly, we will not reverse a trial court’s ruling unless that ruling
falls outside the zone of reasonable disagreement.  Martinez, 327 S.W.3d
at 736; Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); Burden,
55 S.W.3d at 615.  If a trial court’s evidentiary ruling is correct on any
theory of law applicable to that ruling, it will not be disturbed even if the
court stated an incorrect reason for its correct ruling.  De La Paz v. State,
279 S.W.3d 336, 344 (Tex. Crim. App. 2009).  

It
is well settled in Texas that a defendant in a homicide prosecution who raises
the issue of self-defense may introduce generally inadmissible character evidence
of the victim under two separate theories.  Tex.
R. Evid. 404(a)(2); Torres v. State, 71 S.W.3d 758, 760 (Tex.
Crim. App. 2002); Mozon v. State, 991 S.W.2d 841 (Tex. Crim. App. 1999);
Ferguson v. State, 253 S.W. 290 (Tex. Crim. App. 1923); Smith v.
State, 195 S.W. 595 (Tex. Crim. App. 1917); Bumguardner v. State,
963 S.W.2d 171 (Tex. App.—Waco 1998, pet. ref’d).  The defendant may introduce
specific acts of the victim’s misconduct to show the reasonableness of the
defendant’s apprehension of danger and to show that the victim was the initial
aggressor.  Mozon, 991 S.W.2d at 845.  When offered for either purpose,
there must be evidence that the victim acted in a way sufficient to raise the
issue of self-defense.  Torres, 71 S.W.3d at 761; Mozon, 991
S.W.2d at 845.

There
is no dispute on appeal that the victim was the initial aggressor; Carrillo
punched appellant in the head.  Appellant argues only that the evidence
excluded by the trial court was relevant to and admissible for showing he
reasonably believed his life to be in danger.[1] 
To be admissible for showing his state of mind, appellant must have known of
the specific acts of the victim before the homicide.  Mozon, 991 S.W.2d
at 845.  Appellant may show he knew from personal knowledge or even from
hearsay of the victim’s violent actions to establish his state of mind at the
time of the homicide.  Dixon v. State, 634 S.W.2d 855, 857 (Tex. Crim.
App. 1982); Smith v. State, 148 S.W. 699 (Tex. Crim. App. 1912).  Here,
appellant was aware of the specific extraneous act of the victim.  Appellant offered
testimony that he had heard that the victim shot appellant’s friend.

However,
even assuming it was an abuse of discretion to exclude evidence of the victim’s
misconduct, appellant fails to show any harm from the exclusion, and we do not
find any.  

Harm
Analysis

            By
his second, third, and fourth issues, appellant contends that the trial court’s
exclusion of the testimony concerning the victim’s specific act was
constitutional error.  We disagree.  

            Appellant
relies on the proposition that a defendant has a constitutional right to call
witnesses and offer evidence in his own behalf.  Washington v. Texas,
388 U.S. 14, 19 (1967).  However, constitutional error is not committed
whenever a trial court erroneously excludes defensive evidence.  Walters v.
State, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007); Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  There is no constitutional right
to present favorable evidence.  United States v. Scheffer, 523 U.S. 303,
316 (1998).  The erroneous exclusion of evidence rises to the level of
constitutional error only when the excluded evidence “forms such a vital
portion of the case that exclusion effectively precludes the defendant from
presenting a defense.”  Walters, 247 S.W.3d at 219.  “That [appellant]
was unable to . . . present his case to the extent and in the form he desired
is not prejudicial where, as here, he was not prevented from presenting the
substance of his defense to the jury.”  Potier v. State, 68 S.W.3d 657,
666 (Tex. Crim. App. 2002); see Fortini v. Murphy, 257 F.3d 39,
47 (1st Cir. 2001) (trial court’s refusal to admit evidence of the victim’s
prior violence was not constitutional error under Chambers v. Mississippi,
410 U.S. 284 (1973)).  Looking at the record as a whole, appellant was not precluded
from presenting his defense.  Therefore, we must analyze his claim under Texas
Rule of Appellate Procedure 44.2(b).  Tex.
R. App. P. 44.2(b).   

            Under
Rule 44.2(b), because constitutional error was not committed, the error must be
disregarded unless a substantial right was affected.  Exclusion of evidence
does not result in reversible error unless the exclusion affects a substantial
right of the accused.  Rule 44.2(b); Walters, 247 S.W.3d at 219; Breeding
v. State, 809 S.W.2d 661, 663 (Tex. App.—Amarillo 1991, pet. ref’d).  We
will not overturn a criminal conviction for nonconstitutional error if, after
examining the record as a whole, we have fair assurance that the error did not
influence the jury, or had but a slight effect.  Johnson, 967 S.W.2d at
417.  Important factors in this determination are “the nature of the evidence
supporting the verdict, the character of the alleged error and how it might be
considered in connection with other evidence in the case.”  Bagheri v. State,
119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (quoting Motilla v. State, 78
S.W.3d 352, 355 (Tex. Crim. App. 2002)). 

            The
facts established that appellant drove to the victim’s girlfriend’s house with
his friend, Abel Alcala.  The two men were supposed to meet another person,
Carlos Rodriquez.   The victim, Carrillo, came out of the house and, after
asking who the two men were and why they were there, told appellant and Alcala
that Carlos was no longer at the house.  Carrillo told them they should leave. 
Alcala called Carlos to find out where he was and to see if he would return to
the house.  Carrillo spoke with Carlos and then tossed Alcala’s phone back into
appellant’s car, striking appellant.  Appellant and Carrillo had a verbal
altercation.  Carrillo reached into the car and punched appellant.  Appellant
testified that he saw something shiny in Carrillo’s hand as Carrillo came in
for another punch.  Afraid for his life, he shot Carrillo while still seated in
the driver’s seat.  Dr. Nizam Peerwani, the forensic pathologist who performed
the autopsy, testified that the angle of the gunshot wound was downward and
slightly perpendicular.  The medical evidence does not support appellant’s
testimony that he shot Carrillo while seated in the driver’s seat.  Dr.
Peerwani testified that the distance was not at close range and that, from the
angle of the gunshot wound, the bullet was fired “straight head on.” 

            The
jury was properly instructed to sustain appellant’s claim of self-defense if it
found or had a reasonable doubt that appellant reasonably believed deadly force
was immediately necessary to protect himself against Carrillo’s use or
attempted use of unlawful deadly force.  Appellant’s testimony waivered on the
issue of whether he reasonably believed he was in danger.  In the presence of
the jury, appellant testified that the victim was angry and told him to leave. 
Appellant also testified that he was scared of the victim and that he thought
the victim had something shiny in his hand.  Appellant’s trial counsel elicited
testimony that the victim had a bad reputation and was the initial aggressor
when he punched appellant in the face through appellant’s open car window.  However,
appellant contradicted himself when he testified that he had never had a
problem with anyone in the house, that he had no problem with the victim, and
that he was not afraid when he arrived at the house.

            Equally
important, the facts do not show an act of aggression by Carrillo that would
justify appellant’s use of deadly force.  There is no evidence that the victim
was armed or that he used deadly force during his confrontation with
appellant.  The credibility of appellant’s testimony was seriously undermined
by the physical evidence.  Forensic testimony revealed that the shot was not
fired at close range and that the trajectory of the bullet was not the angle
expected if appellant was sitting in his car and the victim was leaning in the
window.  Alcala testified that it was the victim’s fault but that he did not
think it was right to shoot someone that punches you.  Alcala further testified
that, under those circumstances, he would not have shot Carrillo.  Indeed, the
admission of the contested testimony would not have aided appellant’s
self-defense theory.  In the excluded testimony, appellant testified to
bringing a gun along when he admittedly had no reason to believe the victim
would be present.  Then, when he reached the house where the victim was, he
remained there after the victim told him to leave.  

            We
do not find that appellant was harmed by the exclusion of the evidence.  The
specific misconduct of the victim that was excluded—that appellant had heard Carrillo
had shot someone—does no more than add to existing proof
that the victim had a bad reputation and that appellant was afraid of him.  See
United States v. Willie, 941 F.2d 1384, 1398–99 (10th Cir. 1991) (The
exclusion of hearsay materials offered to show defendant’s state of mind was
harmless).  Consequently, the exclusion of additional evidence of the victim’s
criminal history and reputation would be harmless in any event.  The jury was
charged on self-defense.  A review of the record demonstrates that appellant
was able to present his defense; the jury chose not to accept it.  We,
therefore, conclude that any error in failing to admit appellant’s proffered
testimony did not affect his substantial rights.  We overrule appellant’s
second, third, and fourth issues.      

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

November 29, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Gray, C.J., 10th
Court of Appeals.[2]









[1]“If, then, the character of the assailant in any case
has helped to form a reasonable belief in the mind of the assailed that his
life was then in danger, when the acts alone would fail to do it, the jury
should in some way be informed of the character of the assailant, as well as of
his acts, to enable them to understand that the belief was a reasonable one.”  Fry
v. State, 915 S.W.2d 554, 560 (Tex. App.—Houston [14th Dist.] 1995, no
writ).





[2]Tom Gray, Chief Justice, Court of Appeals, 10th
District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.