Leslie Lynn **BREEDING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–89–0414–CR.

Court of Appeals of Texas, Amarillo.

May 10, 1991.

Jeff Blackburn, Amarillo, for appellant.

Ed Hinshaw, Panhandle, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant, Leslie Lynn Breeding, was charged and tried for violating Tex.Penal Code Ann. § 42.03 (Vernon 1974) which prevents unlawful obstruction of a high-way or passageway. Appellant was convicted as charged, and punishment was assessed at six months probation and a $200.00 fine. From this judgment, appellant seeks review.

In appellant's points of error one through five, he alleges that the Trial Court erred in excluding portions of his own testimony, the testimony of other protesters (1–3) and the testimony of Dr. John Quigley (4) and Dr. Ved Nanda (5). In point of error six (6), appellant argues that the Trial Court erred in failing to include the defensive instruction concerning justification of public duty. We will overrule the points of error and affirm the judgment of the Trial Court.

The Carson County Sheriff's Department was notified that appellant and others intended to protest the production of nuclear weapons at the Pantex Plant in Carson County. After the protesters kneeled in the roadway in front of Pantex's gate, the Sheriff warned them that they would be arrested if they failed to move from the roadway which was the main entrance to the plant. The protesters maintained their position obstructing the entrance to the plant. Consequently, law enforcement personnel arrested the protesters and forcibly removed them from the roadway.

At trial, appellant contended that he was legally justified in blocking the roadway due to his purported reasonable belief that such action was necessary to comply with the Nuremberg Principles.[1] He contended at trial and reasserts on appeal that such principles are binding upon the United States as a ratified treaty, and binding on the States due to the Supremacy Clause of the United States Constitution. The testimony that appellant alleges was wrongfully excluded by the Trial Court, evidenced by several bills of exception, consists of his belief, the beliefs of other protesters and the expert testimony of Quigley and Nanda as to the Nuremberg Principles.

■ In points of error one (1) through five (5), appellant alleges that the Trial Court's exclusion of the evidence violated

---

1. Principles of international law recognized in the charter of the Nuremberg Tribunal.

his rights to due process and course of law under the fifth and fourteenth amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution. Exclusion of evidence does not result in reversible error unless to do so affects a substantial right of the accused. *See* Tex. R.Crim.Evid. 103(a); Tex.R.App.P. 81(b)(2). The rules of criminal evidence provide the Trial Court wide discretion in determining admissibility of evidence. *Dorsett v. State*, 761 S.W.2d 432, 433 (Tex.App.—Houston [14th Dist.] 1988, *pet. ref'd.*). In order to succeed, appellant must show that the Trial Court clearly abused its discretion in excluding the testimony. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App.1985, *en banc*), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). *See also, State v. Moore*, 749 S.W.2d 601, 603 (Tex. App.—Amarillo 1988, *no pet.*).

An abuse of discretion will be found only if the Trial Court acted arbitrarily and unreasonably, without reference to any guiding rules and principles. *See generally, Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). *See also, Montgomery v. State*, 810 S.W.2d 372, 378 (Tex.Crim. App.1990, *en banc*) (*motion for rehearing granted*). While not specifically disclosed by the record, the State objected to introduction of the "Nuremberg" testimony on grounds of a lack of materiality, relevance and legal foundation. A determination of relevance must be guided by Tex.R.Crim. Evid. 401 which requires that the proffered evidence tends to render a contested material issue more or less probable. *Garza v. State*, 715 S.W.2d 642, 644 (Tex.Crim.App. 1986, *en banc*).

Appellant's theory at trial was based upon the justification defense of public duty. Tex.Penal Code Ann. § 9.21(a) (Vernon 1974). Appellant's bills of exception focus upon the purported reasonable belief that the protesters' conduct was required by law—the international law of the Nuremberg Principles. The principles, as understood by appellant, state that it is a crime to prepare for a war of aggression and that it is also a crime to complicitly allow the commission of a crime. According to appellant, his conduct was an effort to show a lack of complicity for the alleged crime by the government in preparing for a war of aggression by constructing nuclear weapons.

■ It is not error for a judge to exclude evidence which fails to show that a defendant is entitled to the defense to which it applies. *Reed v. State*, 794 S.W.2d 806, 810 (Tex.App.—Houston [14th Dist.] 1990, *pet. ref'd.*). In order to show that appellant was entitled to submission of the public duty defense, the excluded testimony must show that he met all the elements of the defense. *Brumley v. State*, 804 S.W.2d 659, 662 (Tex.App.—Amarillo 1991, *no pet. h.*). *See also, Reed, supra.*

■ Applying these principles to the instant case, appellant's bills of exception must demonstrate that he:

- reasonably believed; and
- that his conduct was required by law.

Tex.Penal Code Ann. § 9.21(a), *supra*. Appellant contends that the expert testimony illustrates the reasonableness of his belief that blocking the roadway was required by international law. In determining whether such conduct was reasonable, we must consider the availability of alternative courses of action. *Wilson v. State*, 777 S.W.2d 823, 825 (Tex.App.—Austin 1989, *pet. granted*). Appellant could have easily shown his lack of complicity by exercising his right to freedom of expression at a location which would not threaten to interrupt the government's operations at Pantex. Consequently, we find that, as a matter of law, no person could reasonably believe that interruption of Pantex's operations by blocking the roadway was required by law. *See Id.* at 825–26.

■ Appellant has cited no case, and after a diligent search, this Court has found no case holding that we are bound by the Nuremberg Principles. Even assuming *arguendo* that this State is bound by those principles, appellant's acts of defiance (to show noncomplicity) would be required by that "law" only if the Pantex operations were in violation of the principles. Appel-

lant's own expert testified, in the bill of exceptions, that no court in the United States has held that production of nuclear weapons violates the Nuremberg Principles. In the absence of authority to the contrary, we conclude that production of nuclear weapons does not give rise to a duty to protest sufficient to entitle appellant to the defense of public duty.

■ We find that appellant did not show that the evidence tended to render either of the elements of his proposed defensive position more or less probable. Tex.R.Crim. Evid. 401. Consequently, the evidence was not relevant and no abuse of discretion is shown. Thus, the exclusion of the evidence did not affect a substantial right of the accused, and the Trial Court's ruling was not in error. Tex.R.Crim.Evid. 103. We overrule points of error one (1), two (2), three (3), four (4) and five (5).

■ Having shown neither of the elements of the public duty defense, appellant was not entitled to submission of the defensive instruction concerning justification of public duty as argued in point of error six (6). *See Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986, *en banc*); *Brumley, supra.* Consequently, the Trial Court did not err in failing to instruct the jury as requested by appellant. Accordingly, we overrule appellant's sixth point of error.

Having overruled each of appellant's points of error, we affirm the judgment of the Trial Court.