**Diane Wood McDONALD and William Reuben Farmer, Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–90–01534–CR, 05–90–01535–CR.

Court of Appeals of Texas, Dallas.

Dec. 5, 1991.

Discretionary Review Refused April 1, 1992.

Richard Lee Griffin, Fort Worth, for appellants.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before BAKER, WHITTINGTON and CHAPMAN, JJ.

## OPINION

BAKER, Justice.

A jury convicted Diane Wood McDonald and William Reuben Farmer of criminal trespass. The court assessed a thirty-day sentence, probated for six months, and a $50 fine. Appellants contend the trial court erred by refusing to submit their requested jury instruction on the defense of public duty. They also assert the trial court erred by excluding the testimony of six expert witnesses. Finally, they argue the trial court erred in making prejudicial comments during the voir dire of the prospective jury panel. These points are without merit. We affirm the trial court's judgments.

## THE SIT–IN

There is no dispute about the facts. Appellants, who disagreed with the United States' policies about El Salvador, committed criminal trespass. They refused to leave an office in the Federal Building in Dallas when requested to do so by the authorities. Both appellants testified. They admitted committing the offense of criminal trespass.

## PUBLIC DUTY DEFENSE

■ In their first point of error, appellants contend the trial court erred by failing to submit their requested instruction on the defense of public duty. Section 9.21(a) of the Texas Penal Code justifies conduct if the actor reasonably believes the conduct is required or authorized by law, by the judgment or order of a competent court or other governmental tribunal, or in the execution of legal process. *See* TEX. PENAL CODE ANN. § 9.21(a) (Vernon 1974). Appellants contend the need to follow the Nuremberg Principles [1] legally justified their sit-in at the office. They contend the Nuremberg Principles are binding upon the United States as a ratified treaty and binding on the states by the supremacy clause of the United States Constitution.

Our sister court in Amarillo has decided this very same contention adversely to ap-

1. Principles of international law recognized in the Charter of the Nuremberg Tribunal.

pellants' position. *See Breeding v. State,* 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd). We agree with the rationale expressed by the Amarillo court. We hold the defense of public duty was not available to appellants as a matter of law. *Breeding,* 809 S.W.2d at 663; *see also Moses v. State,* 814 S.W.2d 437, 442 (Tex. App.—Austin 1991, pet. ref'd, untimely filed). We overrule appellants' point of error one.

### EXCLUDED TESTIMONY

 In points of error two through seven, appellants contend the trial court erred by excluding the testimony of six expert witnesses. Appellants offered these witnesses to present evidence of the reasonableness of their belief that international law authorized their conduct.

The defendant in *Breeding* raised a similar argument. The *Breeding* court determined the exclusion of such evidence was not error. Again, we agree with that court's rationale. We conclude, in these cases, the proffered evidence was not relevant. No abuse of discretion is shown. *Moses,* 814 S.W.2d at 441; *Breeding,* 809 S.W.2d at 664; *see also Brumley v. State,* 804 S.W.2d 659, 662 (Tex.App.—Amarillo 1991, no pet.). We overrule appellants' points of error two through seven.

### THE TRIAL COURT'S COMMENTS DURING VOIR DIRE

 In their eighth point of error, appellants contend the trial court erred by making prejudicial comments during voir dire of prospective jurors. Appellants contend this criminal trespass case has political overtones. Appellants objected to the comments and moved for a new jury panel. Appellants objected that the trial court's comments about the right to protest were prejudicial to the defenses they expected to raise. They also objected to the trial court's alleged comparison of them to flag burners, people who use loud speakers at night for political speeches, and people who would not leave someone's house when requested. The court overruled the objections and denied the motion.

To preserve error for appellate review, a defendant must make a timely objection. Tex.R.App.P. 52(a). To be timely, a defendant must raise the objection at the earliest opportunity. The earliest opportunity is as soon as the basis for objecting becomes apparent. *Johnson v. State,* 803 S.W.2d 272, 291 (Tex.Crim.App.1990).

In the record before us, the trial court's comments extend for nineteen pages in the statement of facts. The record reflects appellants objected only after the court made all the comments appellants claim are objectionable. We find appellants did not object as soon as the basis for objecting became apparent. *Johnson,* 803 S.W.2d at 291. Appellants preserved nothing for review. Tex.R.App.P. 52(a). We overrule appellants' point of error eight.

We affirm the trial court's judgments.