NO. 07-02-0115-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 2, 2002



______________________________




IN THE INTEREST OF ZACKERY HUSEMAN AND


MADELINE HUSEMAN, MINOR CHILDREN



_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A29348-9708; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Timothy Huseman gave notice of appeal on March 4, 2002, from an order
of the trial court entered on February 15, 2002, dismissing his petition to modify in a suit
affecting the parent-child relationship. We have now received a certified copy of a more
recent trial court order dated March 22, 2002, in which it granted appellant's motion to
reconsider the February 15 order of dismissal, withdrew that order, and indicated its intent
to proceed in the matter after the respondent has been served. The trial court also
"abated" the appeal and declared it moot.

 The filing of a notice of appeal invokes the appellate court's jurisdiction over all
parties to the judgment or order appealed from. Tex. R. App. P. 25.1(b). However, the trial
court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the
judgment until 30 days after all such motions are overruled. Tex. R. Civ. P. 329b(e) and
(g). The trial court has now reconsidered the order appealed from and vacated it, and we
thus agree that the pending appeal has been rendered moot. Further, there is no
appealable order before this court, and we must therefore dismiss the appeal for want of
jurisdiction. See Tex. R. App. P. 42.3. Since appellant obtained the relief he requested
by the trial court's action, the need for ten days notice to the parties prior to dismissal
pursuant to Rule 42.3 of the Rules of Appellate Procedure is obviated, and we suspend
that requirement for purposes of this appeal only pursuant to the authority of Rule 2 of the
Rules of Appellate Procedure.

 Accordingly, the appeal is hereby dismissed. 


 John T. Boyd

 Chief Justice


Do not publish.

 



one was trying to enter by breaking through plywood that had been
placed over a broken patio door. The noise also alerted a neighbor who went out his back
door and observed appellant standing on Wheeler's patio. In response to the neighbor's
question, appellant said he was having an argument with the occupant who would not allow
him inside. The neighbor identified appellant from a photo spread shown to him by the
police and appellant was charged with attempted burglary of a habitation for the November
4 incident.

 Over appellant's objections, the trial court allowed the State to present evidence of
two criminal episodes, burglary of a habitation on October 29, and November 2, 2001,
involving appellant and Wheeler and Bowles,. The extraneous evidence included an
account that after being informed he had to leave the apartment on October 29, appellant
returned and punched Wheeler in the head and ribs and, using a large kitchen knife, took
approximately $10 from Bowles without his consent. The evidence also included an
account of the November 2 offense. According to Wheeler, appellant entered through the
broken patio door before the plywood had been installed and took approximately $40 he
was counting. An officer also testified that an inventory of appellant's personal property
after his arrest included (1) a credit card belonging to Wheeler's father; (2) a Lone Star
Food Card belonging to Bowles; and (3) bus passes Wheeler alleged were taken by
appellant on October 29. MHMR personnel described the impact of these events on
Wheeler and Bowles and the noticeable injuries and effects on them. 

 By his first issue, appellant contends the trial court erred in overruling his Rule
404(b) relevancy objection to extraneous offense evidence. We disagree. Whether
evidence of extraneous offenses is admissible is within the sound discretion of the trial court
and may not be disturbed on appeal unless an abuse of discretion is shown. Montgomery
v. State, 810 S.W.2d 372, 391-92 (Tex.Cr.App. 1991) (op. on reh'g); Erdman v. State, 861
S.W.2d 890, 893 (Tex.Cr.App. 1993). The trial court does not abuse its discretion unless
it has "acted arbitrarily and unreasonably, without reference to any guiding rules and
principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.-Amarillo 1991, pet. ref'd). 
As long as the trial court's ruling is within the zone of reasonable disagreement, there is no
abuse of discretion and the trial court's ruling will be upheld. See Rachal v. State, 917
S.W.2d 799, 807 (Tex.Cr.App.1996) (en banc), cert. denied, 519 U.S. 1043, 117 S.Ct. 614,
136 L.Ed.2d 539 (1996). But, if it cannot be concluded from common reasonable
experience that the evidence has a tendency to make the existence of a fact of
consequence more or less probable, then the trial court's decision was not within the zone
of reasonable disagreement and it abused its discretion. Rachal, 917 S.W.2d at 807, citing
Montgomery.

 Appellant's intention on November 4 and course of continuing criminal design were
important elements of the charged offense. Considered in the context of his conduct on
November 4, evidence of the events on October 29 and November 2 was relevant apart
from character conformity because the evidence tended to establish the essential element
of appellant's intent. Montgomery, 810 S.W.2d at 387; Prieto v. State, 879 S.W.2d 295, 297
(Tex.App.--Houston [14th Dist.] 1994, pet. ref'd). Concluding the trial court did not abuse
its discretion in overruling appellant's Rule 404(b) objection, appellant's first issue is
overruled.

 By his second issue, appellant contends the trial court erred in overruling his Rule
403 objection that the prejudicial effect of extraneous offense evidence substantially
outweighed its probative value. We disagree. In evaluating the trial court's determination
under Rule 403, a reviewing court is to reverse the trial court's ruling "rarely and only after
a clear abuse of discretion." Mozon v. State, 991 S.W.2d 841, 847 (Tex.Cr.App. 1999);
Montgomery, 810 S.W.2d at 392. Relevant evidence is presumed to be more probative
than prejudicial. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997) (en banc),
citing Montgomery. In weighing the probative value and prejudicial effect of extraneous
evidence the trial court considers the following factors: 

 1. how compelling the extraneous offense evidence serves to make a fact of
consequence more or less probable-a factor which is related to the strength
of the evidence presented by the proponent to show the defendant in fact
committed the extraneous offense;

 2. the potential the other offense evidence has to impress the jury "in some
irrational but nevertheless indelible way";

 3. the time the proponent will need to develop the evidence, during which the
jury will be distracted from consideration of the indicted offense; and

 4. the force of the proponent's need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an issue
in dispute.

Montgomery, 810 S.W.2d at 389-90. In the context of the evidence which involved the
same persons, their prior relationship, and the sequence of events, we conclude the
decision of the trial court was within the zone of reasonable disagreement and a "clear
abuse of discretion" has not been shown. Issue two is overruled. Having concluded the
trial court did not err in admitting extraneous offense evidence pretermits consideration of
issue three by which appellant asserts his substantial rights were affected. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish. 
1. References to Rules 403 and 404(b) are to the Texas Rules of Evidence.
2. Wheeler and Bowles were both clients of MHMR.