NO. 07-02-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2003

_____

NATHAN KYLES, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438,266; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Upon a plea of not guilty, Nathan Kyles, III was convicted by a jury of attempted burglary of a habitation, enhanced, and punishment was assessed at confinement for life. Presenting three issues, appellant contends the trial court erred in (1) overruling his Rule 404(b) relevancy objection to extraneous offense evidence, thus denying him the right to

be tried for the crime charged and the concomitant right to a fair trial; (2) overruling his Rule 403 objection that the prejudicial effect of extraneous offense evidence substantially outweighed its probative value, thus denying appellant the right to be tried for the crime charged and the concomitant right to a fair trial; and (3) admitting extraneous offense evidence that affected his substantial rights, denying him the right to be tried for the crime charged, and the concomitant right to a fair trial.[1]  Based upon the rationale expressed herein, we affirm.

Appellant met the victim, Joey Wheeler, at work, and occasionally would spend the night at the apartment leased to Wheeler and his roommate T.J. Bowles.[2]  On October 29, 2001, Wheeler told appellant he could no longer allow him to stay in the apartment because occupancy by three people was not permitted under the lease and Wheeler would be subject to eviction.  This announcement made appellant angry.  On November 4, 2001, while Wheeler and Bowles were in the apartment, they heard a loud noise at the patio door that sounded like someone was trying to enter by breaking through plywood that had been placed over a broken patio door.  The noise also alerted a neighbor who went out his back door and observed appellant standing on Wheeler's patio.  In response to the neighbor's question, appellant said he was having an argument with the occupant who would not allow him inside.  The neighbor identified appellant from a photo spread shown to him by the

---

[1]References to Rules 403 and 404(b) are to the Texas Rules of Evidence.

[2]Wheeler and Bowles were both clients of MHMR.

police and appellant was charged with attempted burglary of a habitation for the November 4 incident.

Over appellant's objections, the trial court allowed the State to present evidence of two criminal episodes, burglary of a habitation on October 29, and November 2, 2001, involving appellant and Wheeler and Bowles,. The extraneous evidence included an account that after being informed he had to leave the apartment on October 29, appellant returned and punched Wheeler in the head and ribs and, using a large kitchen knife, took approximately $10 from Bowles without his consent. The evidence also included an account of the November 2 offense. According to Wheeler, appellant entered through the broken patio door before the plywood had been installed and took approximately $40 he was counting. An officer also testified that an inventory of appellant's personal property after his arrest included (1) a credit card belonging to Wheeler's father; (2) a Lone Star Food Card belonging to Bowles; and (3) bus passes Wheeler alleged were taken by appellant on October 29. MHMR personnel described the impact of these events on Wheeler and Bowles and the noticeable injuries and effects on them.

By his first issue, appellant contends the trial court erred in overruling his Rule 404(b) relevancy objection to extraneous offense evidence. We disagree. Whether evidence of extraneous offenses is admissible is within the sound discretion of the trial court and may not be disturbed on appeal unless an abuse of discretion is shown. Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex.Cr.App. 1991) (op. on reh'g); Erdman v. State, 861

3

S.W.2d 890, 893 (Tex.Cr.App. 1993). The trial court does not abuse its discretion unless it has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd). As long as the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion and the trial court's ruling will be upheld. See Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996) (en banc), cert. denied, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996). But, if it cannot be concluded from common reasonable experience that the evidence has a tendency to make the existence of a fact of consequence more or less probable, then the trial court's decision was not within the zone of reasonable disagreement and it abused its discretion. Rachal, 917 S.W.2d at 807, citing Montgomery.

Appellant's intention on November 4 and course of continuing criminal design were important elements of the charged offense. Considered in the context of his conduct on November 4, evidence of the events on October 29 and November 2 was relevant apart from character conformity because the evidence tended to establish the essential element of appellant's intent. Montgomery, 810 S.W.2d at 387; Prieto v. State, 879 S.W.2d 295, 297 (Tex.App.--Houston [14th Dist.] 1994, pet. ref'd). Concluding the trial court did not abuse its discretion in overruling appellant's Rule 404(b) objection, appellant's first issue is overruled.

4

By his second issue, appellant contends the trial court erred in overruling his Rule 403 objection that the prejudicial effect of extraneous offense evidence substantially outweighed its probative value. We disagree. In evaluating the trial court's determination under Rule 403, a reviewing court is to reverse the trial court's ruling "rarely and only after a clear abuse of discretion." Mozon v. State, 991 S.W.2d 841, 847 (Tex.Cr.App. 1999); Montgomery, 810 S.W.2d at 392. Relevant evidence is presumed to be more probative than prejudicial. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997) (en banc), citing Montgomery. In weighing the probative value and prejudicial effect of extraneous evidence the trial court considers the following factors:

> 1. how compelling the extraneous offense evidence serves to make a fact of consequence more or less probable–a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;
>
> 2. the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";
>
> 3. the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and
>
> 4. the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

Montgomery, 810 S.W.2d at 389-90. In the context of the evidence which involved the same persons, their prior relationship, and the sequence of events, we conclude the decision of the trial court was within the zone of reasonable disagreement and a "clear abuse of discretion" has not been shown. Issue two is overruled. Having concluded the

trial court did not err in admitting extraneous offense evidence pretermits consideration of issue three by which appellant asserts his substantial rights were affected.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.