NO. 07-02-0209-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 20, 2003



______________________________




NATHAN KYLES, III, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-438,266; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION



 Upon a plea of not guilty, Nathan Kyles, III was convicted by a jury of attempted
burglary of a habitation, enhanced, and punishment was assessed at confinement for life. 
Presenting three issues, appellant contends the trial court erred in (1) overruling his Rule
404(b) relevancy objection to extraneous offense evidence, thus denying him the right to
be tried for the crime charged and the concomitant right to a fair trial; (2) overruling his
Rule 403 objection that the prejudicial effect of extraneous offense evidence substantially
outweighed its probative value, thus denying appellant the right to be tried for the crime 
charged and the concomitant right to a fair trial; and (3) admitting extraneous offense
evidence that affected his substantial rights, denying him the right to be tried for the crime
charged, and the concomitant right to a fair trial. (1) Based upon the rationale expressed
herein, we affirm.

 Appellant met the victim, Joey Wheeler, at work, and occasionally would spend the
night at the apartment leased to Wheeler and his roommate T.J. Bowles. (2) On October 29,
2001, Wheeler told appellant he could no longer allow him to stay in the apartment
because occupancy by three people was not permitted under the lease and Wheeler would
be subject to eviction. This announcement made appellant angry. On November 4, 2001,
while Wheeler and Bowles were in the apartment, they heard a loud noise at the patio door
that sounded like someone was trying to enter by breaking through plywood that had been
placed over a broken patio door. The noise also alerted a neighbor who went out his back
door and observed appellant standing on Wheeler's patio. In response to the neighbor's
question, appellant said he was having an argument with the occupant who would not allow
him inside. The neighbor identified appellant from a photo spread shown to him by the
police and appellant was charged with attempted burglary of a habitation for the November
4 incident.

 Over appellant's objections, the trial court allowed the State to present evidence of
two criminal episodes, burglary of a habitation on October 29, and November 2, 2001,
involving appellant and Wheeler and Bowles,. The extraneous evidence included an
account that after being informed he had to leave the apartment on October 29, appellant
returned and punched Wheeler in the head and ribs and, using a large kitchen knife, took
approximately $10 from Bowles without his consent. The evidence also included an
account of the November 2 offense. According to Wheeler, appellant entered through the
broken patio door before the plywood had been installed and took approximately $40 he
was counting. An officer also testified that an inventory of appellant's personal property
after his arrest included (1) a credit card belonging to Wheeler's father; (2) a Lone Star
Food Card belonging to Bowles; and (3) bus passes Wheeler alleged were taken by
appellant on October 29. MHMR personnel described the impact of these events on
Wheeler and Bowles and the noticeable injuries and effects on them. 

 By his first issue, appellant contends the trial court erred in overruling his Rule
404(b) relevancy objection to extraneous offense evidence. We disagree. Whether
evidence of extraneous offenses is admissible is within the sound discretion of the trial court
and may not be disturbed on appeal unless an abuse of discretion is shown. Montgomery
v. State, 810 S.W.2d 372, 391-92 (Tex.Cr.App. 1991) (op. on reh'g); Erdman v. State, 861
S.W.2d 890, 893 (Tex.Cr.App. 1993). The trial court does not abuse its discretion unless
it has "acted arbitrarily and unreasonably, without reference to any guiding rules and
principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.-Amarillo 1991, pet. ref'd). 
As long as the trial court's ruling is within the zone of reasonable disagreement, there is no
abuse of discretion and the trial court's ruling will be upheld. See Rachal v. State, 917
S.W.2d 799, 807 (Tex.Cr.App.1996) (en banc), cert. denied, 519 U.S. 1043, 117 S.Ct. 614,
136 L.Ed.2d 539 (1996). But, if it cannot be concluded from common reasonable
experience that the evidence has a tendency to make the existence of a fact of
consequence more or less probable, then the trial court's decision was not within the zone
of reasonable disagreement and it abused its discretion. Rachal, 917 S.W.2d at 807, citing
Montgomery.

 Appellant's intention on November 4 and course of continuing criminal design were
important elements of the charged offense. Considered in the context of his conduct on
November 4, evidence of the events on October 29 and November 2 was relevant apart
from character conformity because the evidence tended to establish the essential element
of appellant's intent. Montgomery, 810 S.W.2d at 387; Prieto v. State, 879 S.W.2d 295, 297
(Tex.App.--Houston [14th Dist.] 1994, pet. ref'd). Concluding the trial court did not abuse
its discretion in overruling appellant's Rule 404(b) objection, appellant's first issue is
overruled.

 By his second issue, appellant contends the trial court erred in overruling his Rule
403 objection that the prejudicial effect of extraneous offense evidence substantially
outweighed its probative value. We disagree. In evaluating the trial court's determination
under Rule 403, a reviewing court is to reverse the trial court's ruling "rarely and only after
a clear abuse of discretion." Mozon v. State, 991 S.W.2d 841, 847 (Tex.Cr.App. 1999);
Montgomery, 810 S.W.2d at 392. Relevant evidence is presumed to be more probative
than prejudicial. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997) (en banc),
citing Montgomery. In weighing the probative value and prejudicial effect of extraneous
evidence the trial court considers the following factors: 

 1. how compelling the extraneous offense evidence serves to make a fact of
consequence more or less probable-a factor which is related to the strength
of the evidence presented by the proponent to show the defendant in fact
committed the extraneous offense;

 2. the potential the other offense evidence has to impress the jury "in some
irrational but nevertheless indelible way";

 3. the time the proponent will need to develop the evidence, during which the
jury will be distracted from consideration of the indicted offense; and

 4. the force of the proponent's need for this evidence to prove a fact of
consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an issue
in dispute.

Montgomery, 810 S.W.2d at 389-90. In the context of the evidence which involved the
same persons, their prior relationship, and the sequence of events, we conclude the
decision of the trial court was within the zone of reasonable disagreement and a "clear
abuse of discretion" has not been shown. Issue two is overruled. Having concluded the
trial court did not err in admitting extraneous offense evidence pretermits consideration of
issue three by which appellant asserts his substantial rights were affected. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish. 
1. References to Rules 403 and 404(b) are to the Texas Rules of Evidence.
2. Wheeler and Bowles were both clients of MHMR.



g to more than mere preparation that tends but fails to
effect the commission of the offense intended"(emphasis added). 

 Flanagan did not engraft "specific intent" language into the statute as appellant
asks us to do in regard to Section 7.02(a)(2). Rather, the Flanagan court eliminated
potential absurd results and conflicts in what constituted attempted crimes such as murder,
aggravated assault, etc., by concluding that in order for a defendant to be convicted of
attempted murder under Section 15.01, the "offense" which must have been specifically
intended by the accused was the offense of killing the intended victim. See Flanagan, 675
S.W.2d at 742 (opinion on reh'g). Flanagan is consistent with longstanding statutory
construction principles and reinforces our decision as set out hereafter. 

 At bottom, appellant asks us to construe Section 7.02(a)(2) to contain language
clearly not found in the statute. He does not contend that the language of either Section
7.02(a)(2) or Section 19.02(b)(2) is ambiguous. Nor does he contend that the application
of Section 7.02(a)(2) leads to absurd results when it is applied literally, as written by the
legislature, to Section 19.02(b)(2). See Flanagan, 675 S.W.2d at 740-42. 

 We consider the language of the sections as written to be plain and unambiguous. 
We do not perceive the statutory language as leading to absurd results. See Webb, 12
S.W.3d at 811. Accordingly, we decline appellant's invitation to engraft new language
onto Section 7.02(a)(2) to require that a person must have specific intent to kill in order to
be criminally responsible for actions of another in committing murder as set out in Section
19.02(b)(2). We conclude that the trial court did not err in failing to charge the jury that it
could find appellant criminally responsible for Tovar's death only if the jury found that
appellant had specific intent to kill Tovar. We overrule appellant's first issue. 


III. LEGAL SUFFICIENCY OF THE EVIDENCE

 Appellant's second issue challenges the legal sufficiency of the evidence to prove
that he had specific intent to kill Tovar. Because we have determined that proof of such
intent is not required under Section 7.02(a)(2) when applied to Section 19.02(b)(2), we
need not and do not address the second issue. Tex. R. App. P. 47.1. 

IV. CONCLUSION

 Having overruled appellant's first issue and having no necessity to address his
second issue, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Publish.



1. Tex. Penal Code §§ 19.02, 7.02 (Vernon 1999). Further references to a section
of the Penal Code will be by reference to "Section_".