COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 DANIEL
 TORRES,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00152-CR
  
 Appeal from the
  
 292nd District Court
  
 of Dallas County, Texas
  
 (TC#F-0252670-IV)
 
 




 

MEMORANDUM
OPINION

Daniel Torres appeals from his
conviction and life sentence for capital murder.  He raises two issues:  sufficiency of the evidence and trial court
error in admitting three autopsy photographs of the decedent.  We affirm.

Facts








Torres testified that on Christmas
Eve, 2001, he and his half-brother, Johnny Serna, were drinking beer and rum in
their front yard, when Kevin Butler drove up to a neighbor=s house with a friend and Aflipped off@ Serna.  The two men exchanged curses, then Butler and
his friend proceeded into the neighbor=s house.  Serna told Torres he wanted to Akick [Butler=s] ass.@ 
Later, Torres noticed Butler=s car was no longer in front of the
neighbor=s house, and Serna was also gone, so
he assumed Serna had gone to Butler=s home.  Concerned that his brother was drunk and
Butler was a large man, Torres also went to Butler=s home.  When he arrived, Butler was on the floor and
Serna, wielding a knife, was stomping on him. 
Torres says he cut his hand when he grabbed the knife from Serna.  Serna then went on a rampage through the
house as Torres tried to calm him down. 
A bird flew at Torres, who threw a knife at the animal.  Torres says he also flipped off one of the
lights in the house.  He denied that he
stabbed, cut, hit, or kicked Butler.  He
says he took nothing from Butler=s home except the keys to Butler=s truck, and then drove away, while
Serna stayed.  He said Butler was alive
and tied up on the floor when he left the house.

In July of 2002, investigators
arrested Torres after learning his DNA matched that of blood recovered near a
light switch.  His blood was also found
on two of four knives recovered at the scene. 
Torres waived his Miranda rights and signed two written
statements, first denying any involvement, the second admitting to being at the
scene, but denying that he took part in the actual murder.  He also said he saw Serna tie the victim=s hands with a cord.

At trial, a former cell mate of
Torres=s testified that Torres told him he
had gone to the house to rob Butler because of a hot check dispute.  He said Torres admitted he killed Butler,
stabbed the bird with a fork because it was attacking him, and stole $2,000
from the house.  The jury found Torres
guilty, and the judge sentenced him to life in prison.








Factual Sufficiency

In his first issue, Torres challenges
the factual sufficiency of the evidence. 
In  reviewing the factual
sufficiency of the evidence, the court of appeals must view Aall the evidence . . . [and] set
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.@ Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996). 
However, an appellate court must defer to a jury=s findings and cannot reverse just
because it disagrees with it.  Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  A finding of factual insufficiency may be
made only where it is necessary to prevent a manifest injustice, and even then
a detailed explanation of the finding must be provided.  Id.; Johnson v. State, 23 S.W.3d 1, 9
(Tex. Crim. App. 2000).  After a neutral
review of all of the evidence, both for and against the finding, the appellate
court must determine if Athe proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.@ 
Johnson, 23 S.W.3d at 11.








The evidence against Torres included
DNA blood samples found at the scene on two of the murder weapons.  While he provided an explanation for why his
DNA might be on the knife, that he grabbed it from Serna, the State focused on
inconsistencies in his testimony.  The
State also pointed out that blood from the victim was found in the truck stolen
by Torres.  The State also argued to the
jury concerning the law of parties, and that it could convict him as either
being an actor, or an aider or abettor. 
Based on the circumstantial evidence, and on the testimony of the
witnesses and the appellant, the  proof
of guilt against Torres is not so obviously weak as to undermine confidence in
the jury=s determination, nor is it greatly
outweighed by contrary proof.  This Court
cannot find reason or fact for concluding that the verdict is contrary to the
overwhelming weight and preponderance of the evidence so as to be clearly wrong
and unjust.  We overrule his first issue.

Admissibility of Evidence

Torres urges in his second issue that
the trial court erred in admitting three photographs that were more prejudicial
than probative in the case.  State=s Exhibits 90, 91, and 92 were
close-up, color autopsy photos of the complainant=s scalp pulled back over the head,
exposing bloody skull tissue.  The State
contends he did not preserve this issue because he made an improper objection
at trial, not based on law, and therefore the judge never had the chance to
rule on whether the photos were more prejudicial than probative.  Counsel for Torres objected Adue to the graphic nature of the
photographs.@ 
Because the judge did not express any confusion about the basis of the
objection, we will consider the merits of the issue.








A challenge to the admissibility of
evidence is reviewed under an abuse of discretion standard.  See Green v. State, 934 S.W.2d 92,
101-02 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200, 117 S.Ct.
1561, 137 L.Ed.2d 707 (1997).  An abuse
of discretion occurs where a trial judge acts arbitrarily and unreasonably,
without reference to guiding principles of law. 
See Breeding v. State, 809 S.W.2d 661, 663 (Tex. App.--Amarillo
1991, pet. ref=d). 
The trial court has wide discretion in determining the admissibility of
evidence, and its ruling will not be disturbed so long as it is within the zone
of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990).  Rule 403 provides that relevant evidence Amay be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice . . . .@  Tex. R. Evid. 403.  ARelevant evidence@ means evidence having any tendency
to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401. Autopsy photos,
specifically, have been characterized as inadmissible when they Adepict mutilation of the victim
caused by the autopsy itself.@  Rojas v. State,
986 S.W.2d 241, 249 (Tex. Crim. App. 1998).

Torres asserts the three photographs
are not probative of any facts in dispute, as the same or similar testimony
about the manner of death was already before the jury in the form of the medical
examiner=s testimony, and autopsy report, and
a detailed chart.  Torres further argues
the issue at trial was not how the decedent died, but who killed him. He
says the gruesome nature of the photos encouraged the jury to resolve the
material issue of his guilt on an Ainappropriate emotional basis.@ 
See Ladd v. State, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999).








The photos were graphic, but we can
understand the State=s need to fully develop evidence of the manner of death.  This Court cannot see how the photos led to a
verdict founded on inappropriate emotions. 
Neither did the trial court act arbitrarily nor unreasonably without any
reference to guiding principles of law. 
Therefore, we overrule Torres=s second issue.

Conclusion

Having overruled both issues, we
affirm the conviction.

 

SUSAN
LARSEN, Justice

April 15, 2004

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)