NO. 07-03-0273-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2005

_____


JONATHAN LEE FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,924-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Following a plea of not guilty, appellant Jonathan Lee Flores was convicted by a jury of arson and sentenced to ten years confinement. Presenting two points of error, appellant contends the trial court (1) erred by excluding relevant evidence and denying effective

cross-examination, and (2) by overruling his objection to the State's use of extraneous offenses and other wrong acts during redirect examination. We affirm.

Appellant was accused of setting fire to a piece of cloth placed in the gas tank of his ex-girlfriend's car. Earlier that evening, appellant had approached his ex-girlfriend Paula and her new boyfriend while they were parked in front of Paula's house. Fearing confrontation, the couple decided to drive to the nearest police station. However, appellant followed them throwing full cans of beer at their vehicle. After arriving at the police station, Paula was informed that police officers had been dispatched to her residence.

Upon arrival at Paula's house, police officers observed appellant running away from a vehicle parked in the driveway. The officers chased appellant into an alley where he was handcuffed and placed in the back of a patrol car. A short time later, Paula and her boyfriend returned from the police station and began describing the events of the evening to officers. Suddenly, the officers noticed flames coming from her vehicle in the driveway. The officers rushed to extinguish the fire and called the fire department to investigate. An investigator determined that the fire had been started from a piece of cloth placed in the fuel tank to act as a wick or fuse. Appellant was subsequently charged and convicted of arson.

By his first point of error, appellant contends the trial court erred by excluding Paula's testimony concerning her boyfriend. We disagree. Whether evidence is admissible is within the sound discretion of the trial judge. Jackson v. State, 575 S.W.2d 567

2

(Tex.Cr.App.1979). Therefore, the admission or exclusion of evidence is reviewed for abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App. 1993). A trial judge does not abuse his discretion unless he has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *See* Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996). But, if it cannot be concluded from common reasonable experience that the evidence has a tendency to make the existence of a fact of consequence more or less probable, then the trial court's decision was not within the zone of reasonable disagreement and it abused its discretion. *Id.*

Here, appellant's counsel cross-examined Paula regarding her boyfriend's name, place of employment, and address. The State objected to the relevancy of the information. Defense counsel replied by stating, "he's a material witness to what she just testified to. I have a right to find out where he is at if I need to, to subpoena him to testify before this jury, Your Honor." The trial court sustained the State's objection and stated, "I'll let her give you the address, and that's as far as we'll go with the boyfriend, unless you can demonstrate some direct relevancy to the indictment." After obtaining the address, appellant's counsel made no further argument and asked no further questions of the witness.

In his brief, appellant argues that the relevancy of the information was apparent from Paula's prior testimony and that the boyfriend was an eyewitness to the alleged actions charged against appellant. Upon a review of the record, we do not find the relevancy of testimony concerning Paula's boyfriend to be readily apparent. In fact, there is uncontroverted testimony that neither Paula nor her boyfriend was present when the arson was committed. In any case, we find the trial court's ruling was within the zone of reasonable disagreement, and there was no abuse of discretion.

Appellant also argues the trial court denied effective cross-examination and violated his constitutional right to confront witnesses. However, appellant's trial objections do not comport with these arguments on appeal; therefore, he has failed to preserve error on these issues. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996). Appellant's first point of error is overruled.

By his second point, appellant contends the trial court erred by allowing the State to elicit testimony that he had threatened to kill Paula and her family. We disagree. During its redirect examination of Paula, the State sought to introduce testimony that appellant had threatened her several times prior to the incident in question. Requesting a bench conference, the State specifically urged the court to allow testimony that appellant had made previous threats to set fire to Paula's property as evidence of appellant's plan, intent, and motive. Defense counsel objected citing Rules 404 and 403 of the Rules of Evidence. The court overruled appellant's objection and allowed the State to proceed.

4

During redirect, the State elicited testimony of the prior arson threats and then asked Paula whether appellant had made any other threats toward her. Paula answered in the affirmative and replied "To kill me and my family." Defense counsel did not object and attempted to mitigate the testimony on recross examination.

On appeal, appellant claims the trial court abused its discretion by allowing the State a "blanket" right to proceed to question the witness in this manner. Appellant concedes there may be a rationale for permitting questions relative to threats of arson, but that the question of other threats was unjustified and erroneous. He further argues the State impermissibly broadened its scope of examination. However, because he failed to object to the impermissible question or otherwise make the trial court aware of his complaint, appellant did not preserve the error for review. *See* Tex. R. App. P. 33.1(a). Thus, his second point is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.