NO. 07-03-0273-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 8, 2005



______________________________




JONATHAN LEE FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,924-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Jonathan Lee Flores was convicted by a jury
of arson and sentenced to ten years confinement. Presenting two points of error, appellant
contends the trial court (1) erred by excluding relevant evidence and denying effective
cross-examination, and (2) by overruling his objection to the State's use of extraneous
offenses and other wrong acts during redirect examination. We affirm.

 Appellant was accused of setting fire to a piece of cloth placed in the gas tank of his
ex-girlfriend's car. Earlier that evening, appellant had approached his ex-girlfriend Paula
and her new boyfriend while they were parked in front of Paula's house. Fearing
confrontation, the couple decided to drive to the nearest police station. However, appellant
followed them throwing full cans of beer at their vehicle. After arriving at the police station,
Paula was informed that police officers had been dispatched to her residence. 

 Upon arrival at Paula's house, police officers observed appellant running away from
a vehicle parked in the driveway. The officers chased appellant into an alley where he was
handcuffed and placed in the back of a patrol car. A short time later, Paula and her
boyfriend returned from the police station and began describing the events of the evening 
to officers. Suddenly, the officers noticed flames coming from her vehicle in the driveway. 
The officers rushed to extinguish the fire and called the fire department to investigate. An
investigator determined that the fire had been started from a piece of cloth placed in the
fuel tank to act as a wick or fuse. Appellant was subsequently charged and convicted of
arson.

 By his first point of error, appellant contends the trial court erred by excluding
Paula's testimony concerning her boyfriend. We disagree. Whether evidence is admissible
is within the sound discretion of the trial judge. Jackson v. State, 575 S.W.2d 567
(Tex.Cr.App.1979). Therefore, the admission or exclusion of evidence is reviewed for
abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App. 1993). A trial
judge does not abuse his discretion unless he has "acted arbitrarily and unreasonably,
without reference to any guiding rules and principles." Breeding v. State, 809 S.W.2d 661,
663 (Tex.App.-Amarillo 1991, pet. ref'd). As long as the trial court's ruling was within the
"zone of reasonable disagreement," there is no abuse of discretion and the trial court's
ruling will be upheld. See Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996). But,
if it cannot be concluded from common reasonable experience that the evidence has a
tendency to make the existence of a fact of consequence more or less probable, then the
trial court's decision was not within the zone of reasonable disagreement and it abused its
discretion. Id.

 Here, appellant's counsel cross-examined Paula regarding her boyfriend's name,
place of employment, and address. The State objected to the relevancy of the information. 
Defense counsel replied by stating, "he's a material witness to what she just testified to. 
I have a right to find out where he is at if I need to, to subpoena him to testify before this
jury, Your Honor." The trial court sustained the State's objection and stated, "I'll let her give
you the address, and that's as far as we'll go with the boyfriend, unless you can
demonstrate some direct relevancy to the indictment." After obtaining the address,
appellant's counsel made no further argument and asked no further questions of the
witness.

 In his brief, appellant argues that the relevancy of the information was apparent from
Paula's prior testimony and that the boyfriend was an eyewitness to the alleged actions
charged against appellant. Upon a review of the record, we do not find the relevancy of
testimony concerning Paula's boyfriend to be readily apparent. In fact, there is
uncontroverted testimony that neither Paula nor her boyfriend was present when the arson
was committed. In any case, we find the trial court's ruling was within the zone of
reasonable disagreement, and there was no abuse of discretion.

 Appellant also argues the trial court denied effective cross-examination and violated
his constitutional right to confront witnesses. However, appellant's trial objections do not
comport with these arguments on appeal; therefore, he has failed to preserve error on
these issues. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996). Appellant's first
point of error is overruled.

 By his second point, appellant contends the trial court erred by allowing the State
to elicit testimony that he had threatened to kill Paula and her family. We disagree. During
its redirect examination of Paula, the State sought to introduce testimony that appellant had
threatened her several times prior to the incident in question. Requesting a bench
conference, the State specifically urged the court to allow testimony that appellant had
made previous threats to set fire to Paula's property as evidence of appellant's plan, intent,
and motive. Defense counsel objected citing Rules 404 and 403 of the Rules of Evidence. 
The court overruled appellant's objection and allowed the State to proceed.

 During redirect, the State elicited testimony of the prior arson threats and then asked
Paula whether appellant had made any other threats toward her. Paula answered in the
affirmative and replied "To kill me and my family." Defense counsel did not object and
attempted to mitigate the testimony on recross examination.

 On appeal, appellant claims the trial court abused its discretion by allowing the State
a "blanket" right to proceed to question the witness in this manner. Appellant concedes
there may be a rationale for permitting questions relative to threats of arson, but that the
question of other threats was unjustified and erroneous. He further argues the State
impermissibly broadened its scope of examination. However, because he failed to object
to the impermissible question or otherwise make the trial court aware of his complaint,
appellant did not preserve the error for review. See Tex. R. App. P. 33.1(a). Thus, his
second point is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.